# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC J. RHETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1188 DDN |
| | ) | |
| DFD-COMMISSIONER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**Discussion**

Plaintiff brings this 42 U.S.C. § 1983 action against defendants DFD-Commissioner, Laura Saunders, Jeanette Hawkins, Monaco Margaret, and Walter Braswell.[1] Having carefully read the complaint, the Court finds it impossible to ascertain the nature of plaintiff's allegations or what relief he seeks.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure; however, plaintiff has failed to do so in this case. See U.S.

---

[1]All parties appear to be residents of the State of New Jersey.

v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances"). Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required, to the best of his ability, to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant. Because plaintiff has failed to do so, and the instant complaint is nonsensical, the Court will dismiss this action as legally frivolous.[2]

Accordingly,

---

[2]The Court takes judicial notice of the fact that this is not the first time that plaintiff has filed a case in a United States District Court. See Rhett v. Social Security Administration, No. 4:07-CV-1752-DJS (E.D.Mo.)(dismissing case under section 1915(e)(2)(B); noting plaintiff's failure to comply with Rule 8 as well the fact that he had filed five other similar actions in the District of New Jersey, one in the District of Maryland which was transferred to the District of New Jersey, and one in the Eastern District of Louisiana which was also transferred to the District of New Jersey, and that in several of the cases, plaintiff was instructed of his failure to comply with Rule 8.)

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 2nd day of September, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE